# In the United States Court of Federal Claims

Nos. 10-647C, 11-100C, and 12-900C
(Filed: April 24, 2015)

| | |
|---|---|
| COLONIAL CHEVROLET CO., INC., et al., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) ) |
| * * * * * * * * * * * * * * * * * * * * | ) |
| ALLEY'S OF KINGSPORT, INC., et al., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) ) |
| * * * * * * * * * * * * * * * * * * * | ) |
| SPITZER MOTOR CITY., et al., | ) |
| Plaintiffs, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) ) |

**O R D E R**

In order to assist the court and the parties with preparing for the oral argument on the government's motion to dismiss the above-captioned cases, the court orders as follows:

1. In *A&D Auto Sales, Inc. v. United States*, the Federal Circuit held that in order to survive a motion to dismiss, a plaintiff is required to demonstrate economic loss by alleging facts sufficient to show "what use or value its property would have had

but for the government's action." 748 F.3d 1142, 1158 (Fed. Cir. 2014).  In this connection, the Federal Circuit directed the plaintiffs to allege facts to show that "GM or Chrysler would have avoided bankruptcy but for the intervention of the government and that the franchise would have some value in that scenario or that such bankruptcies would have preserved some value for the plaintiffs' franchises," because absent such facts, "the terminations of the franchises actually had no net economic impact on plaintiffs because their franchises would have lost all value regardless of the government action." *Id.* at 1158.  Therefore, oral argument on the government's motion to dismiss will address only whether plaintiffs' amended complaints allege sufficient facts to establish economic loss as required by the Federal Circuit's decision in *A&D Auto Sales*.[1]

To assist the court in determining whether the plaintiffs have alleged economic loss sufficient to satisfy *A&D Auto Sales*, the court asks that each plaintiff group—Colonial Chevrolet, Alley's of Kingsport and Spitzer Motor City—to each submit a filing listing the facts in their amended complaints which each party plaintiff believes support its assertion that the franchisees it represents would still have "use or value" absent the government's alleged taking.  The plaintiffs shall provide their factual summary together with references to the paragraphs in their amended complaints by close of business on **Thursday, April 30, 2015**.[2]

2. At oral argument, the government should be prepared to address why it believes the facts alleged in plaintiffs' complaint and identified in the April 30, 2015 filings are not sufficient to withstand a motion to dismiss.  The government should be prepared to provide the court with its understanding as to what facts would be necessary at this stage of the case to satisfy the pleading requirements.  In this connection, the court asks both parties to identify cases that address the level of

---

[1] The court will not address at this time whether, assuming that plaintiffs have alleged sufficient facts to establish economic loss, plaintiffs are legally foreclosed from claiming a "per se" or physical taking.

[2] In this filing, plaintiffs shall only include facts that demonstrate "what use or value its property would have had *absent the government's action.*" *A&D Auto Sales*, 748 F.3d at 1157 (emphasis added).  Therefore, the plaintiffs' list should not include facts showing economic loss if those facts are predicated on a but-for scenario in which the government provided assistance to GM or Chrysler without requiring plaintiffs' franchises to be terminated.

2

specificity with which facts must be alleged when those facts would require development through expert testimony if the case were not dismissed.

3. In reviewing the briefs, it is clear to the court that the plaintiffs who had Chrysler dealer franchises present different issues from those with GM dealer franchises. Accordingly, the court will consider the motions to dismiss for dealerships for each company separately. To the extent a plaintiff group includes plaintiffs with both GM and Chrysler dealerships, the facts relevant to each separate group of plaintiffs should be separately addressed. To the extent the parties are aware of any named plaintiffs that had their franchises reinstated after the bankruptcies, the claims of these plaintiffs should also be separately identified.

The oral argument shall last two hours, with one hour allotted to the plaintiffs and one hour allotted to the defendant. The court will consider first whether the factual allegations for those representing Chrysler plaintiffs are sufficient to meet the Federal Circuit's test and will then turn to the GM plaintiffs. The court expects to take a brief break after hearing argument on the motion to dismiss the Chrysler plaintiffs and before taking up the argument on the motion to dismiss the GM plaintiffs.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge