IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Alley's of Kingsport, Inc., et al., ) <br> ) <br>          Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> United States, ) <br> ) <br>          Defendant. ) <br> ) | Case No. 11-100C <br> Hon. Nancy B. Firestone |

**PLAINTIFFS' SUPPLEMENTAL BRIEF ON THE U.S. SUPREME COURT'S RECENT DECISION IN *HORNE V. DEPARTMENT OF AGRICULTURE***

In accordance with this Court's June 22, 2015 Order, Plaintiffs, Alley's of Kingsport, Inc., et al., submit this supplemental brief addressing the U.S. Supreme Court's recent decision in *Horne v. Department of Agriculture*.[1] The *Horne* decision leaves no doubt that this case must be analyzed as a physical appropriation rather than a regulatory taking, requiring that the Government's Motion to Dismiss be denied.

**1.** ***Horne* holds that the categorical takings rules are the same for real as for personal property**

The Supreme Court's recent *Horne* decision rejected the Government's argument (made here as well) that takings cases involving personal property must be analyzed under the *Penn Central* multi-factor test. In *Horne*, the Supreme Court held that the same categorical takings rules apply to all property—both real and personal: "The Government has a categorical duty to pay just compensation when it takes your car, just as when it takes your home."[2]

By citing a patent case as an example of how the just compensation clause applies to

---

[1] *Horne v. Dep't of Agric.*, 576 U.S. __, No. 14-275 (June 22, 2015).
[2] *Id.* at __, slip op. at 5.

personal property the same way it does to land, the *Horne* opinion disposes of the Government's erroneous argument in this case that intangible property is somehow treated differently from tangible property:

> [A patent] confers upon the patentee an exclusive property in the patented invention which cannot be appropriated or used by the government itself, without just compensation, any more than it can appropriate or use without compensation land which has been patented to a private purchaser.[3]

In short, the applicable takings test for this case depends not on the nature of the property (as the Government contends) but rather on the nature of the Government action—whether that action appropriates the property or regulates it.

**2.      *Horne* clarifies that the applicable standard for Government appropriation cases—like this one—is the categorical rule of *Loretto*, not the regulatory takings rule announced in *Lucas***

The Government did not regulate Plaintiffs' franchises—it destroyed them. The *Horne* decision holds that where, as here, the owner "los[t] the entire 'bundle' of property rights . . . 'the rights to possess, use and dispose of' them,"[4] the case must be analyzed as a per se taking. The *Horne* court went on to state that "such protection was justified not only by history, but also because '[s]uch an appropriation is perhaps the most serious form of invasion of an owner's property interests,' depriving the owner of the 'the rights to possess, use and dispose of' the property."[5]

Because in this case, as in *Horne*, the Government's action destroyed all of the owners' rights in the property, the destruction of Plaintiffs' Chrysler franchises was a direct appropriation that cannot be analyzed under the regulatory takings rubric: "Whatever *Lucas* had to say about

---

[3] *Horne*, 576 U.S. at __, slip op. at 6 (quoting *James v. Campbell*, 104 U. S. 356, 358 (1882)).
[4] *Id.* at __, slip op. at 8–9 (quoting *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982)).
[5] *Id.* at __, slip op. at 7 (quoting *Loretto*, 458 U.S. at 435).

reasonable expectations with regard to regulations, people still do not expect their property, real or personal, to be actually occupied or taken away."[6]

### 3. *Horne* also held that economic impact has no place in a direct appropriations case like this one, undermining the grounds for the Government's Motion to Dismiss

The *Horne* court rejected the Government's argument "that the [damage] calculation must consider what the value of the reserve raisins would have been without the price support program, as well as 'other benefits . . . from the regulatory program, such as higher consumer demand for raisins spurred by enforcement of quality standards and promotional activities' . . . . [and] the Hornes would 'likely' have a net gain under this theory."[7] The Supreme Court further stated that "[t]he best defense may be a good offense, but the Government cites no support for its hypothetical-based approach, or its notion that general regulatory activity such as enforcement of quality standards can constitute just compensation for a specific physical taking."[8] The *Horne* court concluded that "[i]nstead, our cases have set forth a clear and administrable rule for just compensation: 'The Court has repeatedly held that just compensation normally is to be measured by 'the market value of the property at the time of the taking.'"[9]

Here, the Government made a parallel argument in the Federal Circuit, for a hypothetical-based approach to economic impact almost identical to the one rejected by the Supreme Court in *Horn*e. The Government argued that its termination requirement of Plaintiffs' franchised businesses had no economic impact because all Chrysler dealerships were already

---

[6] *Horne*, 576 U.S. at __, slip op. at 8.
[7] *Id.* at __, slip op. at 15–16 (quoting Br. for Resp. at 55–56).
[8] *Id.* at __, slip op. at 16.
[9] *Id.* (quoting *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (quoting *Olson v. United States*, 292 U.S. 246, 255 (1934))).

worthless absent the government's financial assistance to Chrysler.[10] The Federal Circuit, however, adopted this erroneous argument in this case, ruling:

> Absent an allegation that GM and Chrysler would have avoided bankruptcy but for the government's intervention and that the franchises would have had value in that scenario, or that such bankruptcies would have preserved some value for the plaintiffs' franchises, the terminations actually had no net negative economic impact on the plaintiffs because their franchises would have lost all value regardless of the government action.[11]

But the Federal Circuit's ruling—on which the Government's Motion to Dismiss is based—is fatally undermined by the recent *Horne* decision, which confirmed that just compensation should be measured according to "the market value of the property at the time of the taking."[12]

This Court is no longer bound by the Federal Circuit's mandate now that the Supreme Court has held that the per se appropriation rule applies to personal property such as Plaintiffs' franchises: "An appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law."[13]

In addition, the Government's argument that Plaintiffs received something of value—the right to make a claim against the Chrysler bankruptcy estate (which is worthless anyway)—has no place in the takings analysis, as the *Horne* court also held:

> The fact that the growers retain a contingent interest of indeterminate value does not mean there has been no physical taking, particularly since the value of the

---

[10] *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) ("In this case, the government argues that the plaintiffs have failed to sufficiently plead economic loss, and that in reality the franchise agreements were worthless absent the government's financial assistance to the automakers").
[11] *Id*.
[12] *Horne*, 576 U.S. at __, slip op. at 16 (internal quotations omitted).
[13] *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir. 1993); *see also Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (holding that the mandate rule does not foreclose reconsideration in light of an intervening Supreme Court decision).

interest depends on the discretion of the taker, and may be worthless, as it was for one of the two years at issue here. . . .

*\*\*\**

Once there is a taking, as in the case of a physical appropriation, any payment from the Government in connection with that action goes, at most, to the question of just compensation.[14]

**Conclusion**

The Supreme Court's recent decision in *Horne v. Department of Agriculture* requires this case to be analyzed as a direct appropriation rather than a regulatory taking—requiring denial of the Government's Motion to Dismiss, which is based on regulatory takings analysis.

Respectfully submitted,

July 20, 2015

Thomas A. Holman, Esq.
HOLMAN LAW, P.C.
99 Park Avenue
Suite 2600
New York, New York 10016
(212) 481-1336 (telephone)
(866) 204-1020 (facsimile)

Leonard A. Bellavia, Esq.
BELLAVIA BLATT & CROSSETT, P.C.
200 Old Country Road
Mineola, New York 11501
(516) 873-3000 (telephone)
(516) 873-9032 (facsimile)

Of Counsel

s/ Roger J. Marzulla
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA LAW, LLC
1150 Connecticut Avenue, NW
Suite 1050
Washington, DC 20036
(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)
nancie@marzulla.com
roger@marzulla.com

Counsel for Plaintiffs

---

[14] *Horne*, 576 U.S. at __, slip op. at 10–11.