## \IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

| | |
|---|---|
| ALLEY'S OF KINGSPORT, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

No. 11-100C
(Judge Firestone)

_____

| | |
|---|---|
| COLONIAL CHEVROLET CO., INC., et al., | ) |
| on their own behalf and on behalf | ) |
| of a class of others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

No. 10-647C
(Judge Firestone)

_____

| | |
|---|---|
| SPITZER MOTOR CITY, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

No. 12-900C
(Judge Firestone)

_____

### DEFENDANT'S RESPONSE TO THE COURT'S ORDER INVITING SUPPLEMENTAL BRIEFING ON THE MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS

In an order dated June 22, 2014, the Court invited the parties to submit

supplemental briefs addressing the Supreme Court's decision in _Horne v. Department of_

*Agriculture*, 576 U.S. ___, No. 14-275 (S. Ct. June 22, 2015) (*Horne* slip op.).

Defendant, the United States, respectfully submits this supplemental brief to demonstrate

that *Horne* provides no support for plaintiffs' claims in these cases.  Rather, *Horne*

confirms that plaintiffs have failed to plead viable claims and that this Court should

dismiss the amended complaints in the above-captioned cases: *Alley's of Kingsport, Inc.,*

*et al. v. United States,* No. 11-100C (AOKI), *Colonial Chevrolet Co., Inc., et al. v. United*

*States,* No. 10-647C (*Colonial*), and *Spitzer Motor City, Inc., et al. v. United States,* No.

12-900C (*Spitzer*).

      A.  The Supreme Court in *Horne* resolved a question of law that had divided

circuit courts by holding that a *per se*, physical taking occurs when the Government

directly appropriates personal property.  *Horne* slip op. at 4-9.  That holding makes clear

that *per se* takings are not limited to real property, but it leaves in place the requirement

that in a *per se* taking, property must be appropriated by the Government.

      The Court in *Horne* expressly limited its analysis to physical takings.  *Horne*

involved a Department of Agriculture program that requires raisin "growers in certain

years to give a percentage of their crop to the Government, free of charge."  *Horne* slip

op. at 1.  Pursuant to the program, a Government "Raisin Committee acquires title to the

reserve raisins that have been set aside, and decides how to dispose of them in its

discretion."  *Id*. at 2.  The Supreme Court held that the reserve requirement imposed by

the Raisin Committee involved a "clear physical taking" because "[a]ctual raisins are

transferred from the growers to the Government."  *Id*. at 8.  The Court emphasized that its

analysis did not apply to regulatory taking claims.  *See*, *e.g.*, *id.* at 8 (distinguishing prior

decision as involving "regulatory takings, not direct appropriations"); *id.* at 11 ("The

Government and dissent again confuse our inquiry concerning *per se* takings with our analysis for regulatory takings.").

In short, the *Horne* decision applies solely to proven, physical takings, and offers no insight into (and no change in) how regulatory takings should be evaluated.

B.   The Court's analysis in *Horne* confirms that, here, plaintiffs have not adequately alleged a physical taking.  *Horne* reaffirmed that the Fifth Amendment requires compensation for a *per se*, physical taking only when the Government "'directly appropriates private property for its own use.'"  *Horne*, slip op. at 4 (quoting *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 324 (2002)).  The Federal Circuit, on interlocutory appeal, has already held that the auto dealer plaintiffs have not alleged a physical taking under that standard:

> The [Colonial and AOKI] plaintiffs do not allege, and their complaints do not assert facts supporting an allegation of, a "direct government appropriation or physical invasion of their property. . . ."  Nor do they allege, or support an allegation, that the government stepped into the shoes of the dealers by assuming their contractual rights or transferring them to a third party.

*A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1150-51 (Fed. Cir. 2014) (citations omitted).

On remand, neither Spitzer nor AOKI attempt to assert a physical taking in their amended complaints.  Colonial, however, in an apparent attempt to support a physical taking claim, asserts that plaintiffs' franchise rights were "appropriated" and then "retained by the Government or retransferred to others."  Col. Am. Compl. ¶ 97.  That conclusory assertion, resting on the same nexus of facts as Colonial's prior, rejected complaint, provides no basis for this Court to depart from the Federal Circuit's holding

that plaintiffs "have alleged only regulatory takings." *A&D Auto Sales,* 748 F.3d at 1151; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (plaintiffs cannot state a claim by "tender[ing] naked assertion[s]' devoid of 'further factual enhancement.'" (citation omitted)).

Unlike the raisin grower in *Horne*, plaintiffs do not and cannot claim that the Government took physical possession of or title to their dealership agreements. *Horne*, slip op. at 2 ("The Raisin Committee acquires title to the reserve raisins that have been set aside . . ."). To the contrary, the dealership agreements were rejected by old GM and old Chrysler in bankruptcy. *A&D Auto Sales, 748 F.3d at 1148-49.*

C. *Horne's* discussion of just compensation, slip op. at 14-17, provides no support for plaintiffs' theories in these cases.

First, because the Court expressly limited its analysis to "just compensation for a specific physical taking," *Horne* slip op. at 16, the Court's discussion does not apply to regulatory takings claims, such as the claims in these cases.

Second, the Supreme Court's holding on just compensation is limited to the unusual procedure posture of that case. In *Horne*, the Government argued that the reserve raisin program may have compensated the Horne family for the physical taking of a percentage of their raisin crop. *Id.* In reliance upon that theory, the Government had urged the Court to remand the case so the district court could determine whether the reserve raisin program had offset the loss of the raisins transferred to the Government by increasing the market price of the raisins retained by the grower. *Id.* at 15-16. The Court concluded that a remand was unwarranted in the Hornes' case because the Government had "already calculated the amount of just compensation . . . when it fined the Hornes the fair market value of the raisins. . . ." *Horne* slip op. at 17 (citing *Horne v.*

*Dep't of Agric.*, 750 F.3d 1128, 1135, n.6 (9th Cir. 2014).  Without any evidence or even

argument by the Government in *Horne* that it had "afford[ed] the Hornes compensation"

due, the Supreme Court reasoned that it had "no occasion to consider . . . broader issues"

of just compensation.  *Horne*, slip op. at 17.  Here, by contrast, there is no allegation that

the Government calculated the value of the plaintiff's purported property.

   For these reasons, we respectfully request that the Court grant our motions to

dismiss the amended *Colonial*, *AOKI* and *Spitzer* complaints.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  |  |
|  | s/ Robert E. Kirschman, Jr.<br>ROBERT E. KIRSCHMAN, JR.<br>Director |
|  |  |
|  | s/ Kenneth M. Dintzer |
| OF COUNSEL: | KENNETH M. DINTZER<br>Deputy Director |
|  | Commercial Litigation Branch |
| ELIZABETH M. HOSFORD | Civil Division |
| Assistant Director | Department of Justice |
|  | P.O. Box 480 |
|  | Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | (202) 616-0385 |
|  | (202) 307-0972 fax |
|  | kenneth.dintzer@usdoj.gov |
|  |  |
| July 20, 2015 | Attorneys for Defendant |