## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALLEY'S OF KINGSPORT, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 11-100C |
| v. ) | (Judge Firestone) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| COLONIAL CHEVROLET CO., INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 10-647C |
| v. ) | (Judge Firestone) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| SPITZER MOTOR CITY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 12-900C |
| v. ) | (Judge Firestone) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully moves to dismiss the claims of plaintiff Terry Morris Auto Group (Morris Auto) as time-barred under Rule 12(b)(1) of the Rules of the Court of Federal Claims. Morris Auto, a dealership that sold and serviced cars manufactured by Chrysler Group, LLC (Chrysler), first sought to assert claims in this case in October 2015, more

than six years after its claims accrued in June 2009.  28 U.S.C. § 2501 ("Every claim of which

the United States Court of Federal Claims has jurisdiction shall be barred unless the petition

thereon is filed within six years after such claim first accrues.").  The Court thus lacks

jurisdiction to entertain Morris Auto's claims and those claims should be dismissed.

## **FACTUAL BACKGROUND**

This case involves takings claims brought by former owners of Chrysler dealerships who

allege that the United States "forced" Chrysler to reject dealership agreements in bankruptcy.

ECF No. 61-1, Fed. Cl. No. 12-900C, Fourth Am. Compl. 2-8; *Colonial Chevrolet Co. Inc. v.

United States*, 123 Fed. Cl. 134, 136 (2015).  There is no dispute that the Chrysler dealership

agreements were rejected in bankruptcy on June 9, 2009.  *Id*. at 12.  In December 2012, Spitzer

Motor City, Inc., along with 13 other Chrysler dealerships (the Spitzer plaintiffs), filed a lawsuit

alleging that the rejection of their dealership agreements in bankruptcy constituted a taking

without just compensation under the Fifth Amendment.  ECF No. 1, Compl. 8-9.

The Spitzer plaintiffs successfully amended their complaint three times with no

opposition from the Government.  In October 2013, for example, the Court allowed the Spitzer

plaintiffs to add a Chrysler dealership (Shepherd Motors, Ltd.) as a plaintiff to this action.  ECF

No. 15, 16.  The Court also permitted the Spitzer plaintiffs to amend their complaint in

September 2014 following the Federal Circuit's decision in *A&D Auto Sales, Inc. v. United

States*, 748 F.3d 1142, 1157 (Fed. Cir. 2014).  ECF No. 28.  The Spitzer plaintiffs did not seek to

add Morris Auto as a plaintiff in any of their first three amended complaints. *See* ECF No. 9, 15,

28.

In October 2015 – nearly three years after filing their complaint – the Spitzer plaintiffs

sought leave to file a fourth amended complaint to add Morris Auto as a plaintiff.  ECF No. 61.

The Government opposed this request because Morris Auto's claims are barred by the Court's six-year statute of limitations, meaning that the requested amendment would be futile.  ECF No. 63.  The Court granted plaintiffs' motion, finding that the there was "no undue delay or bad faith" on the plaintiffs' part or prejudice to the Government.  ECF No. 69 at 2.  Importantly, the Court did not rule that it had jurisdiction to entertain Morris Auto's claims, nor did it find that Morris Auto's claims were timely.  *Id.*  Rather, the Court permitted the Government to file "an appropriate motion" in response to plaintiffs' fourth amended complaint.[1]  *Id.*  This motion to dismiss Morris Auto's claim for lack of jurisdiction constitutes such a motion.

## ARGUMENT

### I.     Morris Auto's Claims Are Time-Barred

Morris Auto's claims are time-barred, having been asserted more than six years after its claims accrued.

#### A.     The Court's Statute of Limitations Is Jurisdictional

The Court's statute of limitations bars claims not filed "within six years after such claim first accrues."  28 U.S.C. § 2501.  The six-year statute of limitations on actions against the United States is a jurisdictional requirement attached as a condition of the Government's waiver of sovereign immunity.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134-136 (2008).  Unlike statutes of limitation in other venues, which are treated as affirmative defenses, this Court's statute of limitations is an absolute, jurisdictional requirement that cannot be equitably tolled.  *Id.*

---

[1]   The Court's December 4, 2015 order also requested that the Government address whether any motion for class certification in *Colonial Chevrolet* would be relevant to the Government's objections to the Spitzer plaintiffs' attempt to add Morris Auto as a plaintiff.  ECF No. 69 at 2.  The Government believes that the issues are unrelated as class certification has no relevance to the issue of whether Morris Auto's claims are barred by the Court's six-year statute of limitations.  28 U.S.C. § 2501.

**B.     Morris Auto's Takings Claims Accrued in June 2009**

Takings claims "accrue on the date when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action."  *Seldovia Native Ass'n, Inc. v. United States*, 144 F.3d 769, 774 (Fed. Cir. 1998); *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355-56 (Fed. Cir. 2006); *Goodrich v. United States,* 434 F.3d 1329, 1333 (Fed. Cir. 2006).  Accrual of a claim is "determined under an objective standard" and a plaintiff does not have to possess actual knowledge of all the relevant facts for a cause of action to accrue. *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir. 1995).

Morris Auto's takings claim accrued on June 9, 2009, when the bankruptcy court granted Chrysler's motion to reject 789 dealership agreements, including the agreement between Morris Auto and Old Chrysler.  ECF No. 61-1, Fourth Am. Compl. ¶¶ 20, 39-40; *In re Old Carco LLC*, 406 B.R. 180, 187 (Bankr. S.D.N.Y. 2009), *recon. denied*, 423 B.R. 40 (Bankr. S.D.N.Y. 2010), *aff'd*, 2010 WL 3566908 (S.D.N.Y. 2010).  Specifically, Morris Auto alleged that the Government "affected a taking" by conditioning Chrysler's receipt of financing from the Government upon the rejection of the dealership agreements in bankruptcy.  ECF No. 61-1, Fourth Am. Compl. ¶ 59.  The Spitzer plaintiffs themselves tie Morris Auto's claims to the bankruptcy court's June 9, 2009 rejection order.  ECF No. 61, Pl. Mot. 2 ("Terry Morris [Auto], like the Plaintiffs similarly situated, was forced to stop selling Chrysler vehicles following receipt of the bankruptcy court order . . . ."); ECF No. 61-1, Fourth Am. Compl. ¶ 39 ("The impact [from the rejection order] on the terminated Chrysler dealers was enormous.").  By June 9, 2009, all events had occurred allowing Morris Auto to file its takings claim in this Court, meaning that its claims accrued at that time.  *Seldovia Native Ass'n*, 144 F.3d at 774; *John R.*

*Sand*, 457 F.3d at 1355-56.  Morris Auto's claims thus accrued on June 9, 2009, when its dealership agreement with Chrysler was rejected in bankruptcy.

Plaintiffs have previously argued that Morris Auto's claims are not time-barred because it "suffered economic [harm] through the end of 2009."  ECF No. 61 at 5.  That is not the proper inquiry.  It is "not necessary for purposes of claim accrual that the claimant be able to calculate the precise, final quantum of damages."  *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998).  That is because "the question of damages is discrete from the question of claim accrual."  *Goodrich*, 434 F.3d at 1332.  As the Court of Appeals for the Federal Circuit has stated in the takings context, the "proper focus for statute of limitations purposes is upon the time of the [defendant's alleged] *acts,* not upon the time at which the *consequences* of the [alleged] acts became most painful."  *Fallini v. United States*, 56 F.3d 1378, 1383 (1995) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980)).  For example, in *Goodrich*, the Court of Appeals for the Federal Circuit held that a takings claim accrued upon the issuance of an agency order allowing another rancher's animals to drink from plaintiff's allotment of Federal land, not when the animals did so, as plaintiff-appellant had argued.  *Id.* at 1332, 1336 ("As between issuance of the [order by the Government] and the actual physical appropriation by cattle of water, we believe the former is a better place to deem any taking occurred.").

In this case, although Morris Auto claims to have suffered economic harm through 2009, it concedes that the bankruptcy court's June 9, 2009 rejection order caused its alleged harm.  ECF No. 61-1, Fourth Am. Compl. ¶¶ 39-40, 58 (alleging that the United States "affected a taking" by conditioning financing on Chrysler's rejection of dealership agreements in bankruptcy).  Because the statute of limitations begins when a claim "first accrues," 28 U.S.C.

§ 2501, Morris Auto's claims accrued for statute of limitations when the bankruptcy court approved the rejection of Morris Auto's dealership agreement in bankruptcy.

In any event, plaintiffs' amended complaint states that Morris Auto experienced its damages by July 1, 2009, the date plaintiffs allege Morris Auto's dealership was "ripped from them."  ECF No. 61-1, Fourth Am Compl. ¶ 40.  So, even if the Court were to determine the statute of limitations commenced on that date, Morris Auto's claims are still time-barred because plaintiffs waited more than six year, until October 2015, to seek to add Morris Auto as a plaintiff in this case.  Accordingly, because the statute of limitations for Morris Auto's claims has expired, this Court lacks jurisdiction to entertain those claims and should dismiss them.  28 U.S.C. § 2501; *John R. Sand*, 552 U.S. at 134; *Goodrich,* 434 F.3d at 1332.

### C.  Morris Auto's Claims Do Not Relate Back To The Date Of The Original Complaint

Morris Auto's claims also does not satisfy the standard to "relate back" to the date of original complaint under RCFC 15(c).  Rule 15 provides that amendments to complaints may "relate back to the date of the original pleading" under three circumstances, none of which are present here.  RCFC 15(c).  First, an amended complaint may relate back if "the applicable statute of limitations allows relation back."  RCFC 15(c)(1)(A).  Here, the Court's statute of limitations is jurisdictional and does not allow for time-barred claims to relate back to the date of the original complaint.  28 U.S.C. § 2501; *John R. Sand*, 552 U.S. at 134.  Second, an amended complaint may relate back if the amendment changes the party "against whom a claim is asserted" under certain circumstances.  RCFC 15(c)(1)(C).  This rule does not apply here because Morris Auto was added as a plaintiff, not a defendant.  *Id.*

Finally, an amended complaint may relate back if "the amendment asserts a claim or defense that arose out of the same transaction or occurrence set out . . . in the original pleading."

Rule 15(c)(1)(B).  This rule allows relation back for new claims brought by existing plaintiffs arising out of the same facts, but it does not permit the addition of a new plaintiff.  *S. California Fed. Sav. & Loan Ass'n. v. United States*, 52 Fed. Cl. 444, 455 (2002) (denying motion to add additional parties beyond the statute of limitations and stating that "Rule 15 is, of course, concerned with amendments to complaints by existing Plaintiffs."); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new party."); *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1308-09 (D.C. Cir. 1982) (denying motion to add additional parties beyond the statute of limitations.); *cf. Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (Rule 15(c)(1)(B) is "is not an open invitation to every plaintiff whose claim otherwise would be time-barred to salvage it by joining an earlier-filed action.").

Accordingly, Morris Auto's claims do not relate back to the date of the original complaint, and its claims are time-barred.  Because this Court lacks jurisdiction to entertain Morris Auto's claims, the Court should dismiss those claims.

## CONCLUSION

For these reasons, we respectfully request the Court to dismiss plaintiff Morris Auto's claims for lack of jurisdiction.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General


ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

/s/ Kenneth M. Dintzer

ELIZABETH M. HOSFORD                KENNETH M. DINTZER
Assistant Director                         Deputy Director
                                          Commercial Litigation Branch
JAMES P. CONNOR                        National Courts Section
DAVID A. HARRINGTON                     Civil Division
Senior Trial Counsel                      Department of Justice
                                          PO Box 480
AMELIA R. LISTER-SOBOTKIN               Ben Franklin Station
JOSHUA A. MANDLEBAUM                    Washington, D.C. 20044
MICHAEL A. RODRIGUEZ                    (202) 616-0385
ALISON S. VICKS                         Kenneth.Dintzer@usdoj.gov
Trial Attorneys

January 4, 2016                          Attorneys for Defendant